UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GORDON SAUER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1943 |
| WRIGHT HOMES, LLC | * | SECTION "H" (2) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Gordon Sauer filed his Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on June 24, 2022. ECF Nos. 1, 2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily-mandated review. ECF No. 3. This June 29, 2022 Order required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim, on or before Wednesday, August 10, 2022, in accordance with 28 U.S.C. § 1915(e)(2). Plaintiff timely filed a Response to the Order to Show Cause on August 8, 2022. ECF No. 4.

I.      **PLAINTIFF'S CLAIMS**

Plaintiff filed suit for injunctive relief in an ongoing property dispute with a neighbor. ECF No. 1. Notably, the "Jurisdiction" section of his Complaint contains the address for Orleans Civil District Court—421 Loyola Avenue, New Orleans, LA. *Id*. at 1. In his Complaint, Plaintiff identifies himself as a Louisiana citizen and names as a Defendant "Wright Homes LLC, Barry Wright, Defendant." *Id*. at 1. Although Plaintiff does not distinguish between Barry Wright and Wright Homes LLC, he alleges that "Defendant," who operates a commercial establishment on adjoining property, constructed a fence without proper approvals and permits, and that this fence encroaches on Plaintiff's property. *Id*.

1

As Plaintiff's claims are local in nature and his Complaint, on its face, does not reflect a colorable claim arising under federal law as necessary to support federal question jurisdiction under § 1331 or diversity jurisdiction under § 1332, the Court ordered him to show cause why his Complaint should not be summarily dismissed for lack of subject matter jurisdiction.   ECF No. 3. Sauer was required to file a written statement setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim.  *Id.*

In his Response to the Court's Show Cause Order, Plaintiff reiterates the details of his property dispute with a neighboring commercial establishment.  ECF No. 4 at 1.  He indicates that the neighboring building is owned by Wright Homes, LLC, which company is owned solely by Barry Wright,  and that both Plaintiff and Wright are U.S. citizens.  *Id*.  Sauer also attaches a photograph of the alleged encroachment, the Act of Sale for the Wright property, a property survey of same, and a download from the City of New Orleans Permits & Licenses website reflecting various licenses, permits, and code incidents for the neighboring property.  ECF No. 4-1.  The Act of Sale reflects that Wright Homes, LLC is a Louisiana limited liability company owned solely by Andrew P. Wright with a permanent mailing address at 1522 Saint Charles Avenue, New Orleans, LA 70130.  *Id.* at 3.

## II.    APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1]   Section 1915(e)(2)(B) grants the Court authority to summarily

---

[1] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[4]

### B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[5]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[6]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[7]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[8]  Complete diversity exists when "no party on one side [is] a citizen of the same

---

[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).

[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).

[5] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).

[6] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).

[7] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).

[8] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

State as any party on the other side."[9]  A limited liability company's citizenship is determined by the citizenship of each of its members.[10]  Thus, to properly allege diversity jurisdiction in a case where the plaintiff sues a limited liability company, the Fifth Circuit requires that the party "must specifically allege the citizenship of every member of every LLC."[11]

Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[12]

### C.  Analysis

Plaintiff's claims are exclusively local in nature (i.e., a property dispute with a neighbor).  On its face, Plaintiff's complaint does not reflect a colorable claim arising under federal law, as necessary to support federal jurisdiction under § 1331.  Nor does Plaintiff supply any information in his  Response to Show Cause Order to invoke federal question jurisdiction.  *See* ECF No. 4.

Similarly, Plaintiff's Complaint and subsequent Response to Show Cause Order fail to support the exercise of diversity jurisdiction under § 1332.  Plaintiff seeks only injunctive relief and asserts no facts to satisfy the $75,000 amount in controversy requirement.  Further, he states

---

[9] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

[10] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of an LLC is determined by the citizenship of all of its members."); *see also Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 381–82 (2016) ("For these unincorporated entities, we too have 'adhered to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all its members.'" (quoting Carden v. Arkoma Assocs., 494 U.S. 185, 195)); *Carden v. Arkoma Assocs*., 494 U.S. 185, 195-96 (1990) (holding limited liability partnership's citizenship determined by that of its partners, including limited partners).

[11] *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd*., 851 F.3d 530, 536 (5th Cir. 2017) (holding party failed to allege diversity when it did not allege the citizenship of each member of the many LLC and partnership-litigants); *see also Am. Motorists Ins. Co. v. Am. Emp. Ins. Co*., 600 F.2d 15, 16 (5th Cir. 1979) ("[T]he plaintiff's complaint must specifically allege each party's citizenship."); *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001) ("[T]he party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties.") (citations, quotations, and alterations omitted).

[12] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

only that he "is a private citizen" but does not identify his state of citizenship, which is presumably Louisiana.  Likewise, Plaintiff fails to identify the citizenship of the sole owner of Wright Homes, LLC (i.e., Barry Wright).  *See* ECF No. 4-1 at 3 (identifying Wright Homes, LLC as a limited liability company owned solely by Barry Wright).  Plaintiff is obliged to set forth specific allegations regarding the state of citizenship of both himself and Defendant.  Plaintiff's Complaint fails to set forth facts necessary to support the exercise of diversity jurisdiction under § 1332, and he again failed to do so in his Response when requested in this Court's earlier Show Cause Order.

## III.    CONCLUSION

Plaintiff's Complaint lacks any basis for this Court's exercise of subject matter jurisdiction over this local property dispute.  While Sauer filed a Response to the Court's Show Cause Order, his Response likewise fails to include facts necessary to establish either diversity or federal question jurisdiction.  The Complaint, therefore, must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.[13]

     New Orleans, Louisiana, this 10th day of January, 2023.

                  DONNA PHILLIPS CURRAULT
                UNITED STATES MAGISTRATE JUDGE

---

[13] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).